UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ALEXANDER J. SALWAY,<br><br>                Petitioner,<br><br>  vs.<br><br>WARDEN DOOLEY, and MARTY JACKLEY,<br><br>                Respondents. | CIV. 13-5068-JLV<br><br>ORDER |

      Petitioner Alexander Salway, an inmate at the Mike Durfee State Prison in Springfield, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Docket 1).  The respondents filed an answer requesting the petition be dismissed.  (Docket 6 at p. 12).[1]  Mr. Salway filed a rebuttal to the respondents' answer.  (Docket 7).  Pursuant to a standing order of March 18, 2010, and 28 U.S.C. § 636(b)(I)(B), the matter was referred to United States Magistrate Judge John E. Simko.[2]  Judge Simko issued a report recommending the court grant the respondents' request for dismissal.  (Docket 9).  Respondents did not object to the report and recommendation.  After receiving

---

     [1]The court amends a typographical error contained in the magistrate judge's report and recommendation.  The respondents' answer to Mr. Salway's habeas petition appears at Docket 6.  Mr. Salway's rebuttal to the respondents' answer appears in Docket 7, and except for the attached exhibits, Mr. Salway did not file a supplement.  Cf. Docket 9 at p. 1 (the magistrate judge's listing of the documents filed in the case).

     [2]Judge Simko has since retired.

an extension from the court, Mr. Salway filed objections to the report and recommendation.  (Docket 13).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1).  The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Mr. Salway's objections are overruled and the report and recommendation is adopted as amended.

## PETITIONER'S OBJECTIONS

Mr. Salway did not object to the factual and procedural background outlined by the magistrate judge.  The court adopts the magistrate judge's factual and procedural background.  (Docket 9 at pp. 2-7).  Mr. Salway entered a guilty plea to count 2 of the superseding indictment charging him with aggravated assault.  Id. at 3; see also Docket 7-1 at pp. 2-3.  The state court judge sentenced Mr. Salway to fifteen years in the South Dakota State Penitentiary.  (Docket 9 at p. 5); see also Docket 7-2 at p. 3.  The only issue Mr. Salway raised on direct appeal was whether his sentence should be vacated and his case remanded for re-sentencing in light of the state's material breach of the plea agreement by speaking at his sentencing hearing.  (Docket 9 at p. 6).  The South Dakota Supreme Court summarily affirmed Mr. Salway's conviction.  Id.; see also Docket 1-2.  Judge Jeff Davis dismissed Mr. Salway's state habeas petition and denied a certificate of probable cause.  (Docket 9 at p. 6).  Mr.

Salway did not request a certificate of probable cause from the South Dakota Supreme Court.  Id.

Mr. Salway filed four objections to the magistrate judge's report and recommendation.  (Docket 13).  The court summarizes the objections as follows:

1. There is no evidence that the victim suffered permanent damage or substantial injury and the victim was only struck once in the left eye, which contradicts what was told to the grand jury and the trial court;

2. There is no professional medical opinion or diagnosis to support any of the serious injuries claimed by the victim;

3. There is no expert medical opinion or any evidence to support the claims that the victim was permanently injured or would require surgery, and the prosecution fabricated the victim's injuries; and

4. The violation of Mr. Salway's Fifth, Sixth and Fourteenth Amendment rights is demonstrated by the prosecution's breach of the plea agreement and his attorney's failure to object to this breach.

Id.  Mr. Salway's objections, liberally construed, also request court appointed counsel to review the medical records in the case.  Id. at 3.

## I. Severity of the Victim's Injuries

Because Mr. Salway's first three objections all relate to the extent of injuries suffered by the victim in his underlying criminal case, the court addresses all three at once.

Mr. Salway's claims challenging the severity of the victim's injuries are procedurally defaulted.  As the magistrate judge demonstrated, the only issue

3

Mr. Salway properly exhausted at the state level is the issue of whether he is entitled to re-sentencing as a result of the prosecution speaking at his sentencing hearing.  (Docket 9 at p. 13).  Furthermore, as the magistrate judge noted "[t]he medical evidence regarding the extent of the victim's injuries was in the record or at least available before [Mr.] Salway pled guilty to aggravated assault."  Id.  Thus, Mr. Salway's claims challenging the severity of the victim's injuries, like his other claims, are procedurally defaulted, and his assertions regarding the extent of the victim's injuries are insufficient to overcome the procedural default in his state habeas corpus proceedings.[3]  See id. at 12.  Mr. Salway's first three objections are overruled.

## II. The Prosecution's Alleged Breach of the Plea Agreement and His Trial Attorney's Failure to Object

Mr. Salway's cursory objections in this regard are a repeat of arguments raised in his original habeas petition, which the magistrate judge resolved in the report and recommendation.  The court finds the report and recommendation thorough and well-reasoned and need not repeat the magistrate judge's analysis.  The objection is overruled.

---

[3]The medical records attached to Docket 7 do not substantiate a claim of actual innocence by Mr. Salway.  Rather, they document a woman who suffered a significant head injury after having been struck in the head and who now suffers from headaches and a slurring and stuttering of her speech.  See, e.g., Docket 7-3 at p. 1 (noting constant 6-10/10 pain level headaches and slurring and stuttering speech), p. 2 (noting "headaches, difficulty with speech which has come on with stuttering speech, memory impairment and the head injury now from the assault"), p. 16 (describing the victim's clinical history as "[p]ersistent headache after closed head injury"), p. 19 ("Multiple injuries.   Pain after assault."), p. 20 ("Closed head injury. Headaches. Stuttering.").

### III.     Request for an Attorney

Mr. Salway's objections to the report and recommendation, liberally construed, request the appointment of counsel.  (Docket 13 at p. 3).   The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.   Title 18 of United States Code section 3006A provides in relevant part:

> (2) Whenever the . . . court determines that   the interests of justice so  require,  representation  may  be  provided  for  any  financially eligible person who . . .
>
>> (B) is seeking relief under section 2241, 2254, or 2255 of title 28. . . .

18 U.S.C. § 3006A(a)(2).

Rule 6(a) provides "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."   Id.   Rule 8(c) directs that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding."   Id.

"A habeas corpus proceeding is civil in nature, and the Sixth Amendment right to counsel afforded for criminal proceedings does not apply."   Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (internal quotation marks omitted).

5

"Never has it been held that there is a constitutional right to counsel in a habeas action." Id. "The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition." Id.; see also Armstrong v. Kemna, 534 F.3d 857, 868 & n.5 (8th Cir. 2008) (noting that "[i]t [was] unclear why [the petitioner] did not receive counsel for the first evidentiary hearing").

"The appointment of counsel [in a habeas case] is discretionary when no evidentiary hearing is necessary." Hoggard, 29 F.3d at 471 (citing Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994)). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. (citations omitted). "Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." Id.

Mr. Salway requests the court grant him "an attorney to have [the victim's] medical records reviewed by a professional forensic examiner [or] medical doctor . . . ." (Docket 13 at p. 3). Although Mr. Salway filed his petition for habeas relief *pro se*, he has demonstrated his ability to investigate and present his claims. The court is able to resolve the habeas petition on the basis of the record which was provided to court. No evidentiary hearing is necessary. Mr. Salway's federal habeas petition is not legally or factually complex. Finally, Mr.

6

Salway actually appears to be requesting a medical expert to review his allegation that the victim's injuries were fabricated.   On the basis of the record before the court, no such review is required or warranted.   The motion is denied.

### ORDER

The court finds the report and recommendation is an accurate and thorough recitation of the facts and applicable case law.   Having carefully reviewed the record in the case and good cause appearing, it is

ORDERED that Mr. Salway's objections (Docket 13) to the report and recommendation are overruled.

IT IS FURTHER ORDERED that Mr. Salway's request for the appointment of counsel (Docket 13) is denied.

IT IS FURTHER ORDERED that the report and recommendation (Docket 9) is adopted as amended.

IT IS FURTHER ORDERED that the respondents' request to dismiss the petition (Docket 6) is granted.

IT IS FURTHER ORDERED that Mr. Salway's petition for habeas corpus (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that no evidentiary hearing will be held.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability.   "When the district court denies a habeas petition on procedural grounds without reaching

the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added) (establishing a two-prong standard). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the case or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id. The court does not believe reasonable jurists would find the court's ruling debatable or wrong. Accordingly, a certificate of appealability shall not issue in light of the second prong of the Slack standard.

Although the court declines to issue a certificate of appealability, Mr. Salway may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated March 31, 2016.

                                  BY THE COURT:

                                  /s/ *Jeffrey L. Viken*
                                  JEFFREY L. VIKEN
                                  CHIEF JUDGE